**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**

MICHAEL C. FREDERICK,          :
                           :
        Plaintiff(s),           :
v.                                :        Case No.
LENDINGCLUB CORPORATION,
d/b/a LENDING CLUB,

        Defendant(s).
_____/

**COMPLAINT**

The Plaintiff, Michael C. Frederick ("Plaintiff"), by and through his attorney, the Law Offices of Nicholas A. Reyna P.C., alleges the following:

**INTRODUCTION**

The Fair Credit Reporting Act (FCRA) expressly proves that "there is a need to insure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for consumer right to privacy" In enacting the FCRA, Congress specifically sought to protect consumers from invasion of privacy and created restrictions on access to consumer's sensitive financial information in their credit report.

**Nature of Action**

1. Plaintiff brings this action against the Defendant, seeking damages and equitable relief, to redress the Defendant's systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq- hereinafter, "FCRA").

**Parties**

2.  Plaintiff Michael C. Frederick ("Plaintiff") is a citizen of Michigan residing in Jenison, Michigan.

3.  Defendant LendingClub Corporation, doing business as Lending Club ("Defendant") is Delaware-based foreign profit corporation whose registered agent is CSC Lawyers Incorporating Service and whose registered office address is 601 Abbot Road in East Lansing, Michigan 48823.

**Jurisdiction and Venue**

4.  This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Venue in this jurisdiction is proper because the Defendant transacts business in this County.  Furthermore, this action encompasses federal jurisdiction relating to the federal law claims under 28 U.S.C. § 1367.

**Factual Background**

5.  On May 9, 2016, the Plaintiff filed for Chapter 7 bankruptcy protection as a co-debtor along with his wife Melissa A. Frederick in the Western District of Michigan; the case number for the relevant case is 16-02570-jwb.  At the time of filing, the Defendant was listed as an unsecured creditor of the Plaintiff (*see Exhibit A*).

6.  The Plaintiff's Chapter 7 bankruptcy case was ultimately discharged on September 16, 2016 (*Exhibit B),* with the Defendant likewise receiving actual notice of that fact by mail shortly thereafter.

7.  The Defendant-Creditor named herein did not file any proceedings to declare the debts "non-dischargeable pursuant to 11 U.S.C § 523 *et seq.* Nor did the Defendant

named herein obtain relief form the "Automatic Stay" Codified at 11 U.S.C. § 362 et seq. while the Plaintiffs bankruptcy was pending to pursue the Plaintiff for any personal liability.

8. Due to the fact that the Defendant's debt was discharged in Plaintiff's bankruptcy, the Defendant was no longer able to collect its debt against Plaintiff. Therefore, Defendant did not have a "permissible purpose" to access Plaintiff's credit report under 15 U.S.C. §1681b(a)(3)(F) after Plaintiff's discharge of Defendant's debt. *Godby v. Wells Fargo Bank NA 599 F. Supp. 2d 934 (S.D. Ohio 2008).*

9. Upon information and belief, Defendant and credit report provider Trans Union, LLC ("Trans Union") at some point prior to the filing of this complaint entered into a written subscriber agreement whereby Trans Union agreed to provide consumer reports to Defendant for certain permissible and lawful purposes described under the FCRA and presumably as set forth in said written subscriber agreement.

10. On or around November 30, 2016, Plaintiff obtained a copy of his credit report through Trans Union which indicated that the Defendant had impermissibly requested, obtained, and used the Plaintiff's consumer report on **June 9, 2016, July 9, 2016, AND August 9, 2016,** despite the debt at issue being subject to the Automatic Stay under the United States Bankruptcy Court pursuant to 11 U.S.C. § 362 as of that date (*see Exhibit C*).

11. The Plaintiff's November 30, 2016 TRANS UNION credit report similarly indicated that the Defendant had impermissibly requested, obtained, and used the Plaintiff's consumer report on **October 15, 2016, November 15, 2016 AND November 19, 2016** despite the debt at issue having already formally discharged on September 16,

2016 and thus subject to the Discharge Injunction under 11 U.S.C. § 524 as a result (*Exhibit C*).

12. The Defendant did not have a lawful purpose for requesting, obtaining, and using the Plaintiff's consumer report from Trans Union on these dates, nor did the Plaintiff ever grant permission to the Defendant to obtain his credit report, and therefore the Defendant's request, acquisition, and/or use of the Plaintiff's consumer report on each occasion therefore represented an unequivocal and clearly willful violation of the FCRA, particularly given the fact that the debt was included as a part of the Plaintiff's bankruptcy filing, the Defendant had notice of same at the time of filing, and the debt was ultimately discharged on September 16, 2016, with the Defendant receiving notice of that discharge as well shortly after its' issuance.

13. Upon information and belief, the Plaintiff alleges that various individuals whose names and capacities are presently unknown to the Plaintiff, presumably also requested, obtained, and/or used the Plaintiff's consumer report on or around the dates referenced while acting for and within the scope of their business relationship with the Defendant.  Said individuals likewise lacked a lawful purpose for requesting, obtaining, and/or using the Plaintiff's consumer report from Trans Union, and therefore their request, receipt, and/or use of the Plaintiff's consumer report was in violation of the FCRA.  Plaintiff reserves the right to seek leave to amend this complaint to add said individuals as Defendants as soon as their identities are firmly established.

14. The Defendant had no evidence of a reasonable basis to believe a permissible purpose existed to procure the Plaintiff's credit report.  *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003). At all times Defendant accessed the

Trans Union report, the underlying account was subject to the Bankrupt Court order of discharge and automatic stay.

15. The Defendant illegally obtained the report by falsely certifying to Trans Union that it had a permissible purpose to obtain the Plaintiff's private information, such constituting an unreasonably objectionable method of obtaining private subject matter which the Defendant was not entitled to receive. *Doe v. Mills*, 212 Mich. App. 73, 80, 88; 536 NW2d 824 (1995).

16. The described acts and omissions of the Defendant were done in connection with efforts to collect an alleged debt from the Plaintiff, such having been done intentionally and willfully.

17. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered actual damages in the form of anger, anxiety, emotional distress, frustration, upset, and embarrassment.

18. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained consequential damages, including attorney fees and legal expenses.

19. The Plaintiff seeks equitable damages, along with monetary damages, both actual, punitive, and statutory in whatever amount a jury finds Defendant liable, plus attorney fees, litigation costs, and court costs.

### COUNT I- VIOLATION OF FAIR CREDIT REPORTING ACT *et seq.*

20. Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

21. The Defendant negligently and willfully violated the FCRA by requesting and

obtaining the Plaintiff's consumer report on the dates referenced above without having a permissible purpose as outlined within 15 U.S.C. § 1681b because Defendant's debt was included in Plaintiff's bankruptcy case and ultimately discharged, which Defendant had notice of.  The Defendant knowingly and willfully used deception and false pretenses to obtain the Plaintiff's credit report on various enumerated occasions by falsely representing or certifying that the report was being obtained for a permissible purpose when in fact no such purpose existed.

22. Section 1681b(a)(3)(A) of the FCRA provides that "any consumer reporting agency may furnish a consumer report…to a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  This section can be "relied upon by the party requesting a credit report 'only if the consumer initiates the transaction.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010).  The Plaintiff plainly and definitively did not initiate such a transaction with the Defendant, who as a result cannot rely upon the section to avoid liability for the foregoing reasons.

23. Section 1681b(a)(3)(F) provides that "any consumer reporting agency may furnish a consumer report…to a person which it has reason to believe…(F) otherwise has a legitimate business need for the information (i) in connection with a business transaction that is initiated by the consumer or (ii) to review an account to determine whether the consumer continues to meet the terms of the account."  No such business transaction was initiated by the Plaintiff so this subsection likewise cannot shield the Defendant from liability for its' impermissible procurement of the Plaintiff's credit

report.

24. Courts have found that a Plaintiff must establish three elements in order to sustain a claim of improper use or acquisition of a credit report:  (i) that there was a consumer report within the meaning of the statute; (ii) that the Defendant used or obtained it; and (iii) that the Defendant did so without a permissible statutory purpose. *McFarland v. Bob Saks Toyota, Inc*., 466 F.Supp.2d 855, 867 (E.D.Mich.2006).  For the foregoing reasons, all three elements are clearly and definitively met in this case, as the debt's inclusion in the Plaintiff's bankruptcy filing and ultimate discharge of that debt left the Defendant with no lawful reason for investigating the credit report of the Plaintiff.

25. The Defendant acted knowingly or with a reckless disregard of the Plaintiff's consumer rights in requesting and obtaining the Plaintiff's credit report without a permissible purpose in violation of 15 U.S.C. § 1681b(f), which provides that "a person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section and (2) the purpose is certified in accordance with section 1681e of this title."

26. The Defendant knowingly and willfully violated the FCRA by obtaining the Plaintiff's information from Trans Union under false pretenses as outlined within 15 U.S.C. §1681n & q.

27. Section 1681n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than

$1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

28. Section 1681o provides that any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure; (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the Court.

29. In numerous instances in connection with furnishing information relating to a consumer to a consumer reporting agency, the Defendant has furnished such information while knowing or having reasonable cause to believe that the information was inaccurate regarding Plaintiffs account.

30. As a result of these violations by the Defendant, the Plaintiff suffered actual damages, including the denial of credit, increased costs for credit, lost opportunities to obtain credit and/or lost opportunities to obtain credit at lower rates, damage to her reputation and emotional distress for which she seeks damages in an amount to be determined.   In addition, the Plaintiff seeks statutory damages for said Defendant's willful violations of the FCRA pursuant to 15 U.S.C. § 1681n(a)(1)(A) and 1681n(a)(1)(B), as well as punitive damages against the Defendant pursuant to 15 U.S.C. §1681n(a)(2)..

31. The Defendant is liable to the Plaintiff for her attorney fees pursuant to 15 U.S.C. § 1682n(c) and § 1681o(b).

## COUNT II- INTRUSION UPON SECLUSION

32.  Plaintiff incorporates by reference the aforementioned allegations as if restated fully herein word for word.

33. The Defendant intentionally intruded into the Plaintiff's right to privacy, ignoring the fact that their records contained no information whatsoever of a business relationship existed between the parties that would support a legitimate business need for the Plaintiff's credit report.

34. The Defendant's intrusions were illegal when it falsely certified to TRANS UNION that it possessed a permissible purpose to obtain the report it was not entitled to receive, which would be highly objectionable to a reasonable person.

35. The Plaintiff suffered mental anguish and personal humiliation as a result of the Defendant's actions, such warranting exemplary and/or punitive damages as a result.

## DEMAND FOR JUDGMENT AND RELIEF

**WHEREFORE**, based upon the foregoing facts, the Plaintiff respectfully requests the following relief:

(A)     pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), award of his actual damages or not less than $100 and not more than $1,000.00 for each impermissible access of his credit report which ever is greater; and

(B)     pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate; and

(C)     pursuant to 15 U.S.C. § 1681(n)(3), award costs of the action and reasonable attorney fees; and

9

(D)     Compensatory and punitive damages and special damages against

defendants according to proof at trial.

(E)     Any other relief which the Court deems appropriate.

(F)     Order Preliminary and permanent injunctive relief enjoining and

restraining Defendant from keeping or publishing the illegally obtained

credit report(s), or from requesting new reports: directing Defendant to

return to Plaintiff all copies or abstracts of his consumer report or any

information contained therein: and

(G)     Such further relief as the court deems just and proper.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED,
LAW OFFICES OF NICHOLAS A. REYNA

Date:  January 17, 2017                          /s/ Nicholas A. Reyna_____
                                                 Nicholas A. Reyna (P68328)
                                                 Attorney for Plaintiff
                                                 528 Bridge St., Ste. 1A
                                                 Grand Rapids, MI 49504
                                                 (616) 235-4444
                                                 Nickreyna7@hotmail.com