UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL C. FREDERICK,

    Plaintiff,

v.

    Case No. 17-10143

    Honorable John Corbett O'Meara

LENDING CLUB CORPORATION d/b/a
LENDING CLUB,

    Defendant.
    _____/

**OPINION AND ORDER GRANTING
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

This matter came before the court on defendant Lending Club Corporation's March 6, 2017 Motion to Set Aside Default Judgment, which the court will interpret as a motion to set aside clerk's entry of default. Plaintiff Michael C. Frederick filed a response March 20, 2017; and Lending Club filed a reply brief March 27, 2017. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

Plaintiff Michael C. Frederick filed his complaint January 17, 2017; and Lending Club was served January 23, 2017. On January 31, 2017, the parties set up a meeting to discuss the complaint. Defendant's counsel alleges that during a February 3, 2017 telephone call, Plaintiff's counsel agreed to an extension of time for Defendant to respond to the complaint and allow the parties time to negotiate a settlement. Def.'s

br. at 2. Plaintiff's counsel denies that it agreed to an extension of time for Defendant to file an answer to the complaint.

## LAW AND ANALYSIS

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "The court may set aside an entry of default for good cause . . . ." Courts consider the following three factors to determine whether to set aside a default: 1) whether the plaintiff will be prejudiced, 2) whether the defendant has a meritorious defense, and 3) whether culpable conduct of the defendant led to the default. Munger v. Financial Credit Serv., Inc., 2016 WL4593832, at *1 (E.D. Mich. Sept. 2, 2016) (quoting United Coin Meter Co. Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)).

In this case the court finds that all three factors weigh in defendant Lending Club's favor. First, Plaintiff has failed to indicate how he will be prejudiced by setting aside clerk's entry of default. The case is newly filed, and discovery is not complete. Second, Defendant has shown that it has meritorious defenses. Third, there is no evidence to suggest that culpable conduct of the defendant led to the default. To the contrary, the parties were attempting to negotiate a resolution to this matter beginning shortly after the defendant was served with process and extending to a short time before Plaintiff moved for clerk's entry of default.

Accordingly, it is hereby **ORDERED** that defendant Lending Club's March 6, 2017 motion is **GRANTED**.

It is further **ORDERED** that the February 22, 2017 Clerk's Entry of Default is **SET ASIDE.**

s/John Corbett O'Meara  
United States District Judge

Date: April 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 25, 2017, using the ECF system.

s/William Barkholz  
Case Manager